# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

CHERYL B. JOHNSON,

      Plaintiff,

v.

COOPER MEDICAL HOSPITAL and
COOPER PLAZA,

      Defendants.

1:18-cv-16352-NLH-AMD

**MEMORANDUM
OPINION & ORDER**

---

**APPEARANCES:**

CHERYL B. JOHNSON
506 SOUTH WHITEHORSE PIKE
APT. H201
STRATFORD, NJ 08084
    Appearing *pro se*

**HILLMAN**, District Judge

WHEREAS, Plaintiff, Cheryl B. Johnson, appearing *pro se*, filed a complaint against Defendants Cooper Medical Hospital and Cooper Plaza;[1] and

WHEREAS, Plaintiff claims that in June 2016, Defendants performed a mammogram which left her with scarring, and she suffered two strokes from medication prescribed by Defendants; and

WHEREAS, Plaintiff has filed an application to proceed

---

[1] Plaintiff originally filed her complaint in the Eastern District of Pennsylvania, which transferred the action here. (Docket No. 4.)

without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if she submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, <u>Hickson v. Mauro</u>, 2011 WL 6001088, *1 (D.N.J.2011) (citing <u>Lister v. Dept. of Treasury</u>, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, <u>see</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013); <u>Martin v. U.S. Department of Homeland Security</u>, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, *pro se* complaints must be construed liberally, and all reasonable latitude must be afforded the *pro se* litigant,

2

Estelle v. Gamble, 429 U.S. 97, 107 (1976), but *pro se* litigants

"must still plead the essential elements of [their] claim and

[are] not excused from conforming to the standard rules of civil

procedure," McNeil v. United States, 508 U.S. 106, 113 (1993)

("[W]e have never suggested that procedural rules in ordinary

civil litigation should be interpreted so as to excuse mistakes

by those who proceed without counsel."); Sykes v. Blockbuster

Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that *pro se*

plaintiffs are expected to comply with the Federal Rules of

Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's complaint is

deficient in two significant ways:

1.  On the form complaint provided by the Court for *pro se*

plaintiffs, Plaintiff claims that this Court's jurisdiction over

her case – which appears to assert no federal claim but rather a

state law negligence claim - is premised on the diverse

citizenship of the parties.  See 28 U.S.C. § 1332 (providing

that a district court has jurisdiction over a matter based on

the diversity of citizenship of the parties and an amount in

controversy in excess of $75,000, exclusive of interests and

costs).  Plaintiff, however, avers that she is a citizen of New

Jersey and Defendants are citizens of New Jersey, which does not

establish that Plaintiff and Defendants are diverse under §

1332.  Additionally, Plaintiff has not properly pleaded the

3

citizenship of Defendants, which appear to be business entities, and as such, special pleading rules apply.  See, e.g., 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (the citizenship of an LLC is determined by the citizenship of each of its members, not where it has a principal place of business, or under which state's law it is established);

THEREFORE,

IT IS on this  4th  day of   December  , 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-1) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that Plaintiff shall have twenty (20) days to amend her complaint to properly cure the pleading deficiencies regarding the Court's jurisdiction noted above.  If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).


                                      s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.