**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

CHERYL B. JOHNSON,

        Plaintiff,

v.

COOPER MEDICAL HOSPITAL and
COOPER PLAZA,

        Defendants.

1:18-cv-16352-NLH-AMD

**MEMORANDUM**
**OPINION & ORDER**

---

**APPEARANCES:**

CHERYL B. JOHNSON
506 SOUTH WHITEHORSE PIKE
APT. H201
STRATFORD, NJ 08084
    Appearing *pro se*

**HILLMAN**, District Judge

WHEREAS, Plaintiff, Cheryl B. Johnson, appearing *pro se*, filed a complaint against Defendants Cooper Medical Hospital and Cooper Plaza, which was transferred from the Eastern District of Pennsylvania to this Court on December 4, 2018; and

WHEREAS, on December 4, 2018, this Court reviewed Plaintiff's complaint, in which she claims that in June 2016, Defendants performed a mammogram which left her with scarring, and she suffered two strokes from medication prescribed by Defendants; and

WHEREAS, the Court screened Plaintiff's complaint pursuant

to 28 U.S.C. § 1915(a)(1) because she filed an application to proceed without prepayment of fees ("in forma pauperis" or "IFP" application), and the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); and

WHEREAS, the Court found that Plaintiff's complaint was deficient because Plaintiff claimed that this Court's jurisdiction over her case – which appeared to assert no federal claim but rather a state law negligence claim – was premised on the diverse citizenship of the parties, see 28 U.S.C. § 1332(a),[1] but Plaintiff averred that she is a citizen of New Jersey and Defendants are citizens of New Jersey, which did not establish that Plaintiff and Defendants were diverse under § 1332(a) (Docket No. 6 at 3); and

WHEREAS, the Court also found that Plaintiff's complaint did not properly plead the citizenship of Defendants, which appeared to be business entities, and as such, special pleading

---

[1] 28 U.S.C. § 1332(a) provides that a district court has jurisdiction over a matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs.

2

rules applied (Id. at 6-7);[2] and

WHEREAS, the Court granted Plaintiff's IFP application, and provided Plaintiff with 20 days to cure the pleading deficiencies regarding the Court's jurisdiction, but the Court also ordered that if Plaintiff failed to do so, the case would be dismissed for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(h)(3); and

WHEREAS, in response to the Court's Order, Plaintiff filed two amended complaints (Docket No. 8, 9);[3]

WHEREAS, Plaintiff's amended complaints do not correct the jurisdictional defect of her original complaint; and

WHEREAS, Plaintiff avers in her amended complaints that subject matter jurisdiction is premised on diversity of citizenship, but Plaintiff lists her citizenship as New Jersey and Defendant Cooper Medical Hospital's citizenship as New

---

[2] See, e.g., 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) (the citizenship of an LLC is determined by the citizenship of each of its members, not where it has a principal place of business, or under which state's law it is established).

[3] Plaintiff's amended complaint was due on December 24, 2018, but they were not received by the Clerk's office until January 4, 2019 and January 8, 2019. Because of the holidays and Plaintiff's pro se status, the Court will consider Plaintiff's late submissions.

Jersey, which does not demonstrate that Plaintiff's state of citizenship is different from Defendant's state of citizenship to satisfy the diversity of citizenship requirement of § 1332(a);[4] and

WHEREAS, Plaintiff's amended complaints appear to assert claims under state law, and there is nothing in her amended complaints that can be construed to assert a claim based on federal law or against a federal government defendant such that jurisdiction could be premised on federal question jurisdiction, 28 U.S.C. § 1331, instead of under § 1332(a);

THEREFORE,

IT IS on this ___29th___ day of ___January___, 2019

ORDERED that Plaintiff's amended complaints [8, 9] be, and the same hereby are, DISMISSED for lack of subject matter jurisdiction.


                                         ___s/ Noel L. Hillman___

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[4] While Plaintiff originally listed Cooper Medical Hospital and Cooper Plaza as two separate defendants, Plaintiff's amended complaints have merged the two into one defendant.